October 2, 2026

BY ECF

Hon. Ronnie Abrams
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *City of New York, et al. v. U.S. Dep't of Homeland Security, et al.*, Case No. 26-cv-7982 (Related cases: *State of New York, et al. v. Dep't of Homeland Security, et al.*, No. 1:26-cv-7978; *Make the Road New York, et al. v. Dep't of Homeland Security, et al.*, No. 1:26-cv-8129).

Dear Judge Abrams:

This letter is submitted jointly by Plaintiffs and Defendants in response to the Court's Order and Notice of Initial Conference filed on September 24, 2026 (ECF No. 31). The information requested in the September 24, 2026 Order is provided below.

**1. A brief description of the nature of the action and the principal defenses thereto.**

A. Plaintiffs' Statement.

Plaintiffs bring this action against the U.S. Department of Homeland Security ("DHS"), U.S. Citizenship and Immigration Services ("USCIS"), the Secretary of Homeland Security and the Director of USCIS under the Administrative Procedure Act ("APA"), challenging a 2026 final rule (the "2026 Final Rule") and subsequent guidance purporting to implement the Final Rule (the "Policy Alert"). Together, the 2026 Final Rule and Policy Alert rescind the regulatory framework with respect to the "public charge" ground of inadmissibility under the Immigration and Nationality Act of 1952 ("INA"). Under the 2026 Final Rule and Policy Alert, a person "is likely at any time to become a public charge"—and therefore inadmissible to the U.S. and ineligible for adjustment of status—if they are "*likely at any time* to depend on *means-tested public benefits*." Plaintiffs challenge the 2026 Final Rule and the Policy Alert as contrary to law, exceeding statutory authority, and arbitrary and capricious. Plaintiffs further challenge the Policy Alert as promulgated without compliance with procedures required by law. Plaintiffs request that the Court (1) declare that the Final Rule and Policy Alert are not in accordance with law, 5 U.S.C. § 706(2)(A); exceed Defendants' statutory authority, 5 U.S.C. § 706(2)(C); and are arbitrary and capricious in violation of 5 U.S.C. § 706(2)(A); (2) declare that the Policy Alert was promulgated without compliance with procedure required by law, 5 U.S.C. §§ 553 and 706(2)(D); (3) vacate the 2026 Final Rule and Policy Alert under 5 U.S.C. § 706; (4) permanently enjoin Defendants and all of their officers, employees, and agents, and anyone acting in concert with them, from implementing, applying, or taking any action whatsoever under the Final Rule and Policy Alert; (5) permanently enjoin Defendants from retaliating against any

Plaintiff for participating in this lawsuit or taking any adverse action based on any Plaintiff's participation in this lawsuit; and (6) award Plaintiffs their reasonable attorneys' fees and costs.

B. Defendants' Statement.

Defendants intend to assert several principal defenses to Plaintiffs' claims, including that Plaintiffs lack standing to bring this action, the guidance is not final agency action reviewable under the APA, and neither the 2026 Final Rule nor the guidance violate the APA. Defendants reject Plaintiffs' argument that the 2026 Final Rule and the guidance are contrary to law, arbitrary and capricious, or promulgated without compliance with required procedures. Defendants also intend to argue that Plaintiffs are not entitled to the various forms of relief that they seek.

**2. A brief explanation of why jurisdiction and venue lie in this Court.**

A. Plaintiffs' Statement.

Jurisdiction is based on federal-question jurisdiction under 28 U.S.C. § 1331 (action arising under the laws of the United States). Jurisdiction is also proper under the judicial review provisions of the Administrative Procedure Act. 5 U.S.C. §§ 702, 704. An actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201(a), and this Court has authority to grant declaratory relief, injunctive relief, and other relief pursuant to 28 U.S.C. §§ 2201–2202 and 5 U.S.C. § 706.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (e)(1) because Defendants are United States officers or agencies sued in their official capacities, a substantial part of the events or omissions giving rise to the claims asserted occurred in this district, and Plaintiff City of New York is a resident of this district.

B. Defendants' Statement.

Defendants intend to argue that the Court does not have jurisdiction over this matter because Plaintiffs lack standing for their challenge. Defendants do not anticipate challenging venue in this action.

**3. A brief description of all contemplated and/or outstanding motions.**

There are no outstanding motions. Plaintiffs anticipate filing a motion for summary judgment subsequent to the production of the complete administrative record. Defendants anticipate filing a cross-motion for summary judgment subsequent to the production of the complete administrative record.

**4. A brief description of any discovery that has already taken place, and/or that which will be necessary for the parties to engage in meaningful settlement negotiations.**

No discovery has occurred. The parties do not currently anticipate discovery beyond

production of the administrative record. No further discovery is necessary for purposes of settlement negotiations.

**5. A brief description of prior settlement discussions and the prospect of settlement.**

No settlement discussions have taken place. Settlement is unlikely.

**6. The estimated length of trial.**

This action is brought under the Administrative Procedure Act and therefore will be decided on the administrative record and without trial.

**7. Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

A. Plaintiffs' Statement.

Defendants' 2026 Final Rule and Policy Alert will harm Plaintiffs in various respects, including due to the impact that the 2026 Final Rule and Policy Alert will have on public health, local economies, public education, and public safety. The 2026 Final Rule and Policy Alert have and will continue to have widespread chilling effects on the use of public assistance by non-citizens and their citizen family members. Non-citizens will be faced with the impossible task of weighing their or their family members' lawful participation in supplemental local, state and federal programs that improve health, economic mobility, and general well-being, against the negative impacts that such participation will have on their ability to obtain lawful permanent resident status. As a result of the 2026 Final Rule and Policy Alert, households will forgo legal access to benefits—such as healthcare, nutritional assistance, housing, and other educational supports.

B. Defendants' Statement.

Because this APA case will not proceed to trial and the parties agree that settlement is unlikely, Defendants do not identify any other information that may assist the Court in advancing the case to settlement or trial. They otherwise do not agree with Plaintiffs' description above of harms resulting from the 2026 Final Rule, and reserve all rights and arguments.

**8. Additional matters:**

As contemplated by the Court's September 24 Order, ECF No. 31, Defendants request that the Court adjourn the initial scheduling conference for this case and the other pending challenges to the 2026 Final Rule. Defendants have not yet filed a responsive pleading—one of the reasons given by the Court's order for adjournment of the conference—and the parties have otherwise agreed on a schedule for further proceedings in all three actions.

Plaintiffs take no position on Defendants' request to adjourn the conference.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division, Federal Programs Branch

TIBERIUS DAVIS
Counsel to the Assistant Attorney General
Civil Division

ANDREW I. WARDEN
Assistant Branch Director
Civil Division, Federal Programs Branch

JEREMY S. NEWMAN
Chief Litigation Counsel
Civil Division, Federal Programs Branch

*/s/ Christian Dibblee*
CHRISTIAN DIBBLEE
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 353-5980
Email: Christian.r.dibblee@usdoj.gov

*Counsel for Defendants*

**CITY OF NEW YORK**

STEVEN BANKS
*Corporation Counsel of the City of New York*

By: /s/ *Hope Y. Lu*
HOPE Y. LU
Senior Counsel for Complex & Strategic Litigation
DORIS BERNHARDT
ELIZABETH SLATER
SAIENA SHAFIEZADEH**

Senior Counsels
MELANIE C. T. ASH
Deputy Chief
Office of the Corporation Counsel for the City of New York
100 Church Street
New York, New York 10007
(212) 356-1642
hlu@law.nyc.gov
dbernhar@law.nyc.gov
eslater@law.nyc.gov
sashafie@law.nyc.gov
mash@law.nyc.gov

*Attorneys for Plaintiff City of New York*

**Admission pending

**COUNTY OF SANTA CLARA**

TONY LOPRESTI**
*County Counsel for the County of Santa Clara*

By: /s/ *Tony LoPresti*
TONY LOPRESTI**
County Counsel
KAVITA NARAYAN*
Chief Assistant County Counsel
MEREDITH A. JOHNSON*
Lead Deputy County Counsel
RAPHAEL N. RAJENDRA*
Deputy County Counsel
LEILY ARZY*
Social Justice and Impact Litigation Fellow
Office of the County Counsel
County of Santa Clara
70 West Hedding Street, East Wing, 9th Fl.
San José, CA 95110-1770
(408) 299-5900
kavita.narayan@cco.sccgov.org
meredith.johnson@cco.sccgov.org
raphael.rajendra@cco.sccgov.org
leily.arzy@cco.sccgov.org

*Admitted *pro hac vice*

** Motion for admission *pro hac vice* forthcoming

*Attorneys for Plaintiff County of Santa Clara*

**CITY AND COUNTY OF SAN FRANCISCO**

DAVID CHIU*
*City Attorney for the City and County of San Francisco*

By: /s/ *Karun Tilak*
KARUN TILAK*
Deputy City Attorney
YVONNE R. MERÉ**
Chief Deputy City Attorney
SARA J. EISENBERG*
Chief of Complex and Affirmative Litigation
CARA R. MEYER*
Deputy City Attorneys
Fox Plaza
1390 Market Street, 7th Floor
San Francisco, California 94102-508
(415) 355-3308
yvonne.mere@sfcityatty.org
sara.eisenberg@sfcityatty.org
karun.tilak@sfcityatty.org
cara.meyer@sfcityatty.org

*Admitted *pro hac vice*

** Motion for admission *pro hac vice* pending

*Attorneys for Plaintiff City and County of San Francisco*

**MARTIN LUTHER KING JR. COUNTY**

LEESA MANION
King County Prosecuting Attorney

By: /s/ *Cristy J. Craig*

CRISTY J. CRAIG*, WA Bar No. 27451
Senior Deputy Prosecuting Attorney

*/s/ Christopher Sanders*
CHRISTOPHER M. SANDERS**, WA Bar No. 47518

Chief Legal Officer & General Counsel for
King County Executive Girmay Zahilay

701 Fifth Avenue, Ste 600
Seattle, Washington 98104
(206) 477-1120
chrsanders@kingcounty.gov
cristy.craig@kingcounty.gov

*Admitted *pro hac vice*

** Motion forthcoming for admission *pro hac vice*

*Counsel for Plaintiff Martin Luther King Jr. County*

**CITY OF CHICAGO**

By: /s/ *Katherine Hubbard*

KATHERINE HUBBARD (DC Bar No. 1500503)*
Managing Attorney
NAOMI TSU (Oregon Bar No. 242511)**††
Senior Staff Attorney
KAYLA SVIHOVEC (S.D.N.Y Bar No. pending)†
Staff Attorney
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
Telephone: (510) 738-6788
katherine.hubbard@publicrightsproject.org
naomi.tsu@publicrightsproject.org
kayla.svihovec@publicrightsproject.org

*Admitted *pro hac vice*
** Motion forthcoming for admission *pro hac vice*
†Admitted to SDNY pending swearing in
Admitted in DC. Not admitted in California.
††Admitted in Oregon and Georgia. Admitted but not active in California.
*Counsel for Plaintiff City of Chicago*

**CITY OF SEATTLE**

ERIKA J. EVANS
Seattle City Attorney

By: */s/ Ghazal Sharifi*
Ghazal Sharifi, WSBA# 47750*
Natasha R. Khanna, WSBA# 52870*
Rebecca S. Cohen, WSBA# 31767*
Assistant City Attorneys
E-Mail: Ghazal.Sharifi@seattle.gov
E-mail: Natasha.Khanna@seattle.gov
E-Mail: Becca.Cohen@seattle.gov

Seattle City Attorney's Office
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
Phone: (206) 684-8200

*Admitted *pro hac vice*

*Attorneys for Plaintiff City of Seattle*

By: /s/ *Katherine Hubbard*
KATHERINE HUBBARD (DC Bar No. 1500503)*
Managing Attorney
NAOMI TSU (Oregon Bar No. 242511)**††
Senior Staff Attorney
KAYLA SVIHOVEC (S.D.N.Y Bar No. pending)†
Staff Attorney
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
Telephone: (510) 738-6788
katherine.hubbard@publicrightsproject.org
naomi.tsu@publicrightsproject.org
kayla.svihovec@publicrightsproject.org

*Admitted *pro hac vice*
** Motion forthcoming for admission *pro hac vice*
†Admitted to SDNY pending swearing in
Admitted in DC. Not admitted in California.
††Admitted in Oregon and Georgia. Admitted but not active in California.

*Counsel for Plaintiff City of Seattle*