UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF NEW YORK; CITY OF CHICAGO; CITY AND COUNTY OF SAN FRANCISCO; COUNTY OF SANTA CLARA; CITY OF SEATTLE; and MARTIN LUTHER KING JR. COUNTY,<br>*Plaintiffs*,<br>v.<br>U.S. DEPARTMENT OF HOMELAND SECURITY; MARKWAYNE MULLIN, in his official capacity as the SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; and JOSEPH B. EDLOW, in his official capacity as the DIRECTOR OF U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br>*Defendants*. | No. 26-cv-7982 (RA)<br>[rel. No. 26-cv-7978 (RA)]<br>[additional related case: 26-cv-8129 (RA)]<br><br>~~[JOINT PROPOSED]~~ CASE MANAGEMENT PLAN AND SCHEDULING ORDER |

RONNIE ABRAMS, United States District Judge:

Pursuant to Rules 16–26(f) of the Federal Rules of Civil Procedure, the Court hereby adopts the following Case Management Plan and Scheduling Order:

1. The parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remainder of the Order need not be completed at this time*.]

2. The parties have not engaged in settlement discussions.

3. This case is not to be tried to a jury.

4. No additional parties may be joined after November 13, 2026, without leave of the Court.

5. No amendments to the pleadings may be made after November 13, 2026, without leave of the Court.

6. This action under the Administrative Procedure Act ("APA") is one for review on the administrative record and is exempt from initial disclosures pursuant to Rule 26(a)(1)(B)(i) of the Federal Rules of Civil Procedure.

7. Other than production of the complete administrative record, the parties do not presently contemplate engaging in fact discovery. The complete administrative record shall be produced by October 23, 2026. Plaintiffs reserve their right to seek discovery, if necessary, after production of the administrative record. If Plaintiffs seek discovery, Defendants reserve the right to oppose or object to any discovery.

8. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 7 above.

   This matter is a review from an administrative agency. Under Local Rule 16.1, it is exempt from the mandatory scheduling order required by Fed. R. Civ. P. 16(b).

   a. The parties do not anticipate production of documents, except for the filing of the complete administrative record.

   b. The parties do not anticipate the use of interrogatories in this case, which challenges final agency action.

   c. The parties do not anticipate depositions in this case, which challenges final agency action.

   d. The parties do not anticipate requests to admit in this case, which challenges final agency action.

9. The parties do not presently anticipate engaging in expert discovery in this case. The parties may rely upon expert declarations in support of their motions for summary judgment, and the parties reserve the right to object to the admissibility and relevance of any expert declarations.

10. The parties do not presently anticipate engaging in discovery in this matter other than production of the complete administrative record.

11. This action is brought under the APA. It will be resolved based on the administrative record. The schedule for dispositive motions is set forth in Paragraph 15, below. Therefore, a post-discovery conference is not necessary.

12. This is an action brought under the APA. It will be decided based on the administrative record and without trial. Therefore, it is not necessary to determine the timing for pretrial submissions or trial.

13. The parties do not believe that settlement is likely and do not propose any alternative dispute resolution mechanism at this time. Counsel for the parties will notify the Court if that changes.

14. This action is brought under the APA and will be decided on the administrative record and without trial. The parties intend to file dispositive motions. Accordingly, the parties have not conferred regarding an estimated length of trial.

15. The parties will proceed under the following schedule:

- October 23, 2026: Defendants produce administrative record;
- December 11, 2026: Plaintiffs file motion for summary judgment;
- January 29, 2027: Defendants file a combined cross-motion for summary judgment and opposition to Plaintiffs' motion for summary judgment;
- February 26, 2027: Plaintiffs file combined opposition to Defendants' cross-motion for summary judgment and reply in support of Plaintiffs' motion for summary judgment;
- March 12, 2027: Defendants file reply in support of cross-motion for summary judgment.

16. For Defendants' filings due on January 29 and March 12, they may file one consolidated brief on those dates addressing all arguments and claims in the three challenges to the Rule currently pending before this Court, namely *State of New York, et al. v. Dep't of Homeland Security, et al.*, No. 1:26-cv-7978, *City of New York, et al. v. Dep't of Homeland Security, et al.*, No. 1:26-cv-7982, and *Make the Road New York, et al. v. Dep't of Homeland Security, et al.*, No. 1:26-cv-8129.

17. The parties anticipate that they will likely need to seek the Court's permission for an extension of the page limits for their motions given the range of issues that will likely be addressed in the combined summary-judgment briefing. The parties will confer about specific word limit extensions prior to the briefing deadlines and submit an appropriate request, based on good cause, to the Court.

18. Defendants' obligation to file an answer or otherwise respond to the complaints in the above-captioned cases is stayed pending the Court's resolution of the parties' forthcoming dispositive motions.

It is further ORDERED that the initial status conference originally scheduled for October 9, 2026 is hereby adjourned.

SO ORDERED.

Dated: October 5, 2026
New York, New York

Hon. Ronnie Abrams
United States District Judge